The Honorable Mary Anne Salmon State Senator #29 Heritage Park Circle North Little Rock, Arkansas 72116-8528
Dear Senator Salmon:
I am writing in response to your request for an opinion on the following questions pertaining to fire protection districts outside of cities and towns:
 (1) Under ACA 14-284-215(b)(1) may the collector apply any other fee to the assessments other than the three percent (3%)? May a ten percent (10%) holdback be applied as provided in ACA 26-39-201(b)(2)?
 (2) Under ACA 14-284-216(a) and (b) may the collector, subsequent to the report of delinquencies to the board of commissioners, but prior to the certification to the Land Commissioner for sale of property, refuse collection of the delinquent assessments which are part of a delinquent estate tax bill paid at that time?
 (3) Under ACA 14-284-216, is the collector required to eliminate the delinquencies from the books and/or refuse payment of the delinquent assessments upon certification to the board of commissioners?
RESPONSE
In response to your first question, in my opinion the unambiguous, mandatory language of A.C.A. § 14-284-215 (Repl. 1998) does not authorize deducting any fees beyond the statutorily authorized three percent (3%). Furthermore, A.C.A. § *Page 2 26-39-201 (Repl. 1997) has no applicability in this instance. In response to your second question, while the Land Commissioner's Office is not involved in the enforcement of delinquent fire protection district assessments pursuant to A.C.A. § 14-284-216 (Repl. 1998), a collector must refuse to accept payment of delinquent assessments after the delinquencies are reported to the board of commissioners. The answer to your second and third questions is therefore "yes."
Question One: Under ACA 14-284-215(b)(1) may the collector apply anyother fee to the assessments other than the three percent (3%)? May aten percent (10%) holdback be applied as provided in ACA26-39-201(b)(2)?
In my opinion, the plain and ordinary language of A.C.A. § 14-284-215
does not permit deduction of any additional fees from the collected assessments. Regarding A.C.A. § 26-39-201, in my opinion this statute does not apply to collected assessments that by law are deposited in the district's accounts rather than the county treasury.
Specifically, A.C.A. § 14-284-215(b) states:
 It is the duty of the collector each year to collect the annual benefit assessment, flat fee assessment, or reassessment so extended, along with the other taxes.
 (1) The collector shall deduct three percent (3%) of the assessments collected, shall retain one-half (1/2) thereof as his fee for collecting the benefits, and shall pay over the remaining one-half (1/2) of this amount to the clerk of the county, or to the appropriate county official who extended the assessment, as his fee for extending the assessments on the assessment records.
 (2) The collector shall remit the remainder of the assessments collected to the secretary-treasurer of the district at the same time the collector remits tax collections to the county treasurer.
 (3) Upon receipt of the assessed benefits, the secretary-treasurer of the district shall execute a receipt for the funds, deliver it to the county collector, and shall deposit the funds *Page 3 
so received in a bank or banks that are located within the district or a bank or banks designated by the board of commissioners if no bank or banks are located within the district, with said funds to be used solely and exclusively for district purposes.
(emphasis added).
The language of A.C.A. § 14-284-215 is unambiguous. The statute specifies that, after 3% is deducted for administrative costs of collection and assessment, "the collector shall remit the remainder of the assessments collected to the secretary-treasurer of the district. . . ." A.C.A. § 14-284-215(b)(2) (emphasis added). The remainder, or the money left after 3% is deducted as authorized by the statute, is to be paid to the secretary-treasurer of the improvement district. The use of "shall" indicates a mandatory statute from which the collector may not deviate. The remainder of the assessments collected, 97%, must be remitted to the district's secretary-treasurer.
You reference A.C.A. § 26-39-201 as a possible rationale for withholding an additional sum from the collected assessments. In pertinent part, A.C.A. § 26-39-201 states:
 (a)(1) The county and probate clerk, circuit clerk, constables, sheriff, collector, and any other county official in the State of Arkansas are required to pay over to the county treasurer of each county on the first of each month, or within five (5) working days thereafter, all funds in each of their hands belonging to the county or its subdivisions that are by law required to be paid into the county treasury, whether taxes, fines, or any moneys that are collected for any purpose by law and belonging to the county.
 (2) The collector shall pay to the State Treasurer all moneys belonging to the State of Arkansas on the day mentioned in subdivision (a)(1) of this section.
 (b)(1) This section does not mean that the collector shall make a distribution of taxes to all funds but that he shall settle with the county treasurer in a lump sum, and the county treasurer shall credit it to the collector's unapportioned account. *Page 4 
 (2) Upon a certificate of the county clerk, which shall be issued on or before the thirtieth day of each month, the county treasurer will transfer to the various funds ninety percent (90%) of the advance payments made by the collector during the collecting period and, upon final settlement, the proper adjustments will be made with the various accounts and the balance remaining in the unapportioned account will be distributed upon order of the county court approving the final settlement of the collector.
(Emphasis added.)
As an initial matter, I note that the county collector is not authorized by this statute to "holdback" any monies as suggested by your request for an opinion. Rather, the collector makes lump sum payments to the treasurer who makes the appropriate transfers of the appropriate amounts. Under subsection (b)(2), the county treasurer is required to forward 90% of the "advance payments" to the "various funds" for which the moneys were collected. However, subsection (a) of the statute clearly states that this subsection only applies to monies that "by law are required to be paid into the county treasury" or "belonging to the State of Arkansas." Id. at (a)(1)-(2). As noted above, the assessment fees for a fire protection district under A.C.A. § 14-284-215 are sent to the secretary-treasurer of the district, who deposits them in a bank account for the district. Section 26-39-201 and its "ten percent holdback" have no applicability to the distribution of fire protection assessments under A.C.A. § 14-284-215.
To summarize, in my opinion, the plain and ordinary language of A.C.A. § 14-284-215 does not authorize any deductions from the assessments collected beyond the statutorily authorized 3%. Additionally, A.C.A. § 26-39-201 is inapplicable to assessment fees collected for such a fire improvement district under A.C.A. § 14-284-215.
Question Two: Under ACA 14-284-216(a) and (b) may the collector,subsequent to the report of delinquencies to the board of commissioners,but prior to the certification to the Land Commissioner for sale ofproperty, refuse collection of the delinquent assessments which are partof a delinquent estate tax bill paid at that time? *Page 5 
In my opinion, although the Land Commissioner's Office is not involved in the collection of delinquent fire protection assessment fees, the collector must refuse to accept payment of a delinquent fire protection district assessment when the collector has reported the delinquencies to the board of commissioners of the district. The answer to your second question is therefore "yes," the collector not only may, but must refuse to accept payment of the delinquent assessments. See, infra, response to Question 3.
Arkansas Code Annotated § 14-284-216 (Repl. 1998) states:
 (a) All annual assessments extended and levied under the terms of this subchapter shall be payable at the time ad valorem taxes are payable. If any annual assessments levied by the board pursuant to this subchapter are not paid when due, the collector shall not embrace the assessments in the taxes for which the collector shall sell the lands, but the collector shall report the delinquencies to the board of commissioners, who shall add to the amount of the annual assessment a penalty of ten percent (10%).
 (b) The board of commissioners shall enforce the collection by chancery proceedings in the chancery court of the county in the manner provided by § 14-121-426 — 14-121-432.
(Emphasis added.)
Procedurally, the statutes referenced in the above subsection14-284-216(b) — A.C.A. § 14-121-426 through-432 (Repl. 1998 Supp. 2007) — do not involve the Land Commissioner's office. Specifically, A.C.A. § 14-121-426 (Repl. 1998) states that the board is authorized to enforce payment of a delinquency by bringing an action in "chancery court."[1] Furthermore, A.C.A. § 14-121-430 (Supp. 2007) specifies that the circuit court "shall direct the commissioner to sell the lands" to satisfy the judgment for delinquent assessment fees. Id. at (a)(1)(B)(i). While you may be confused by reference to a "commissioner" in A.C.A. § 14-121-430, review of the entire subchapter demonstrates that this "commissioner" is an individual appointed by the court to oversee the sale of the property for delinquent *Page 6 
assessments, see A.C.A. § 14-121-426(d), and not the constitutional office of Land Commissioner. See also Ops. Att'y Gen. 2001-049;and 2000-299.
The balance of your second question, regarding the ability of the collector to refuse payment after the report to the board, is discussed in response to Question 3, infra.
 Question Three: Under ACA 14-284-216, is the collector required toeliminate the delinquencies from the books and/or refuse payment of thedelinquent assessments upon certification to the board ofcommissioners?
In my opinion, the answer to this question is "yes."
As noted in response to Question Two, the Land Commissioner's office and the forfeiture proceedings for delinquent tax payments are not applicable when assessment fees for a fire protection districts are delinquent under A.C.A. § 14-284-216. See also Ops. Att'y Gen. 2001-049;and 2000-299. The assessments are not, as you suggest, "certifi[ed] to the board of commissioners." Rather, pursuant to A.C.A. § 14-284-216, the collector is only required and authorized to "report the delinquencies to the board of commissioners." Id. at (b). I will, therefore, address the situation where a county collector has "reported the delinquencies."
Although I am somewhat uncertain what is meant by the collector "eliminat[ing] the delinquencies from the books," I assume you mean that the collector, after reporting the delinquencies to the board, considers his or her books "closed" as to those assessments and will thereafter refuse to accept payment of any delinquent assessments. As noted above, once a county collector has reported the delinquency, the board of commissioners adds a ten percent (10%) penalty to the assessed fee for delinquency, A.C.A § 14-284-216(a), and is authorized to "enforce collection" through a lawsuit filed in circuit court, A.C.A. §14-284-216(b). The collector is authorized only to collect payment of the assessments and retain a percentage of those collected as a payment for this duty. A.C.A. § 14-284-215(b). If a delinquency exists, the collector has a duty to inform the board of the existence of the delinquency. A.C.A. § 14-284-216(a). The delinquency continues to exist until it is satisfied by payment or sale of the property. In my opinion, therefore, once the assessments are delinquent and reported to the board, the taxpayer is liable to the board for the assessments plus the ten percent (10%) penalty. In response to your question, therefore, the collector is required to direct *Page 7 
the taxpayer to the Board and must refuse to accept payment of the delinquent assessments.
In this regard, one of my predecessors has opined that the appropriate method for enforcement of the delinquent assessments is through an action in circuit court as provided in A.C.A. § 14-284-216. Ops. Att'y Gen. 2001-049; and 2000-299. The collector is charged solely with collecting the assessments at the time and in the manner that taxes are collected, with no provision for the collection of delinquent assessments. See A.C.A. § 14-284-215(b). Rather, the board is authorized to collect delinquent assessments by filing a lawsuit to force the sale of the land to satisfy the assessment. See A.C.A. § 14-284-216(b)and 14-121-426. Absent judicial interpretation or legislative clarification to the contrary, in my opinion the plain and ordinary language of A.C.A. § 14-284-215 -216 require the payment ofdelinquent fire district assessments to the board of commissioners. Therefore, in my opinion, a county collector must refuse to accept a tendered payment for the delinquent assessment fees once the delinquency is reported to the board of commissioners. The answer to your third question is therefore "yes."
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The General Assembly has amended A.C.A. §§ 14-121-427 and-430 to refer to "circuit court" rather than "chancery court" after enactment of Amendment 80 the Arkansas Constitution. See Act 2170 of 2005, §§ 1 and 2. I will refer to the "circuit court" for the remainder of the opinion.